IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GARY BLACKBURN a/k/a RICK BLACKBURN, | Case No.: **09-61569** |
| Plaintiff, | **CIV-ZLOCH** |
| vs. | /ROSENBAUM |
| COMPUTERSHARE TRUST COMPANY, N.A., | FILED by AJS D.C. |
| Defendant. _____/ | OCT - 1 2009 STEVEN M. LARIMORE CLERK U.S. DIST. CT. S. D. of FLA. – MIAMI |

## COMPLAINT

Plaintiff, Gary Blackburn a/k/a Rick Blackburn ("Blackburn"), by and through undersigned counsel, alleges as follows:

### INTRODUCTION

1. This is an action for damages caused by Defendant's negligent and/or fraudulent processing of a forged stock certificate without the required Medallion Signature Guarantee. At all times relevant hereto, Defendant was the transfer agent for the Florida corporation, Tube Media, Inc. f/k/a AGU Entertainment Corporation ("Tube Media").

### THE PARTIES

2. Plaintiff, Blackburn is a resident and citizen of Coconut Creek, Florida who resides at 6200 Swans Terrace, Coconut Creek, Florida 33073.

3. Defendant, Computershare Trust Company, N.A. ("Computershare") is the successor by merger of the Colorado corporation, Computershare Trust Company, Inc. which was located at 350 Indiana Street, Suite 800, Golden, Colorado 80401. Computershare is a

trust company located at 250 Royall Street, Canton, Massachusetts 02021. Computershare transacts its customary business in Broward County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship of the parties and the amount in controversy is in excess of $75,000, which exceeds the statutory requirement for diversity actions.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because a substantial part of the acts, transactions, and courses of conduct giving rise to the violations alleged in the Complaint occurred in the Southern District of Florida. Moreover, Defendant regularly administers and maintains accounts on behalf of Florida residents and directly or indirectly, singly or in concert with others, made use of the means or instrumentalities of interstate commerce, or the mails.

## THE FACTS

6. In 2004, Blackburn received 592,000 shares of AGU Entertainment Corporation stock as compensation for services rendered (the "Shares").

7. Thereafter, AGU Entertainment Corporation changed its name to The Tube Media Group, Inc. ("Tube Media").

8. In March 2006, Blackburn decided to sell his shares in Tube Media and contacted the company to obtain his stock certificates.

9. Tube Media and agents of Computershare informed Blackburn that the shares were "restricted" and could not be sold yet.

10. Notwithstanding, on or about March 31, 2006, a third party forged Blackburn's

name on the stock certificates and requested transfer of the Shares. The endorsement did not contain a Medallion Signature Guarantee, as required by Computershare's written policies and procedures, but rather merely contained the signature of an executive of Tube Media, David Levy.

11. Pursuant to this fraudulent request, on or about April 11, 2006, Computershare transferred the Shares. Upon information and belief, Computershare delivered 150,000 shares to a Mr. Richard Johnson of East Lansing, Michigan, and it delivered 442,000 shares to M2 Film (attention Maureen Espins) at Ms. Espins' home address. Blackburn does not know nor does he have any current or former relationship with Mr. Johnson nor Ms. Espins.

12. The Plaintiff did not receive consideration for his Shares. At the time the Shares were fraudulently transferred, the closing price on the Shares was $2.72 per share, totaling $1,610,240.00.

13. On September 9, 2008, Computershare sent a statement to Blackburn reflecting the April 11, 2006 transfer of the Shares.

14. Without delay, Blackburn contacted Computershare and notified Defendant that he never requested nor authorized the transfer of his Shares. In response, Computershare refused to take immediate action and insisted on payment in the amount of $75.00 to research the matter.

15. Finally, on October 27, 2008, Computershare notified Blackburn that the Shares were transferred pursuant to a "letter of instruction" allegedly signed by Blackburn requesting the subject transfer. Upon receipt of the letter, Blackburn confirmed that he did <u>not</u> execute the "letter of instruction" nor did the signature on the letter resemble his signature. In fact, the "letter of instruction" is devoid of any contact information, including an address or telephone number

other than Blackburn's forged signature.

16. Upon receipt of the "letter of instruction", Blackburn contacted the recipients of the Shares, Mr. Johnson and Ms. Espins. Mr. Johnson confirmed that he paid for and received the Shares directly from Tube Media. Ms. Espins claimed that she did not recall the transaction.

17. Thereafter, Blackburn again notified Computershare that it did not authorize the transfer of the Shares, and provided Computershare the information that he received from Mr. Johnson. At that time, Blackburn demanded payment for the fraudulently transferred Shares.

18. By letter dated November 19, 2008, Computershare responded to Blackburn claiming that the endorsement was "guaranteed by an authorized officer of AGU Entertainment" which was "accepted by Computershare in lieu of a Medallion Signature Guarantee" in accordance with "applicable regulation".

19. Computershare agreed to forward an affidavit of forgery to the Federal Bureau of Investigation and to AGU Entertainment, but refused and/or failed to be of further assistance to Blackburn.

20. As a consequence of Computershare's egregious conduct, as set forth herein, Blackburn has suffer damages in the amount of $1,610,240.00, *inter alia*, as Blackburn was denied ownership of his Shares and therefore he could not sell or transfer them when he endeavored to do so.

21. All conditions precedent to filing this action have been performed, have occurred, or have been waived.

22. Claimant has retained the undersigned counsel to represent him in this action and has agreed to pay him reasonable attorney fees for his services.

## THE CLAIMS

### Count I – Violations of §678.4041, Florida Statutes
### (Uniform Commercial Code – Investment Securities)

23. Blackburn realleges and incorporates the allegations set forth in paragraphs 1 through 22, as if fully set forth within.

24. Pursuant to §678.4071, Fla. Stat., Computershare, as transfer agent, owes Blackburn the same obligations and duties to perform its activities with due diligence and care as the issuer of the Shares, AGU Entertainment Corporation n/k/a Tube Media.

25. As such, Computershare was under a duty to Blackburn to exercise good faith and due diligence when transferring his Shares.

26. Computershare breached its duty of good faith and due diligence by transferring the Shares absent a Medallion Signature Guarantee and without authenticating the suspicious endorsements on the Certificates.

27. Blackburn is entitled to damages pursuant to §678.4041, Fla. Stat. as Computershare registered the transfer of the Shares to individuals/entities who were not entitled to them, and the transfers were registered pursuant to ineffective and fraudulent indorsements and instructions of transfer.

28. Accordingly, Computershare shall provide Blackburn with all payments or distributions that Blackburn did not receive as a result of the wrongful registration, as well as all other damages that Blackburn suffered as a consequence of Computershare's egregious violations.

**WHEREFORE,** Blackburn demands judgment for damages against the Defendant as set forth above, together with costs and interest, and such other relief as this Court deems just and proper.

## Count II – Violations of Article 8, U.C.C. §8-101, et. al.
### (Uniform Commercial Code – Investment Securities)

29. Blackburn realleges and incorporates the allegations set forth in paragraphs 1 through 22, as if fully set forth within.

30. Pursuant to §8-201 and §8-406, Uniform Commercial Code ("U.C.C."), Computershare, as transfer agent, owes Blackburn the same obligations and duties to perform its activities with good faith and due diligence as the issuer of the Shares, AGU Entertainment Corporation n/k/a Tube Media.

31. As such, Computershare was under a duty to Blackburn to exercise good faith and due diligence when transferring his Shares.

32. Computershare breached its duty of good faith and due diligence by transferring the Shares absent a Medallion Signature Guarantee and without authenticating the suspicious endorsements on the Certificates.

33. Blackburn is entitled to damages pursuant to §8-311 and §8-315(1)(d), U.C.C., as Computershare registered the transfer of the Shares to individuals/entities who were not entitled to them, and the transfers were registered pursuant to an unauthorized, ineffective and fraudulent indorsement/instruction of transfer.

34. Moreover, under §8-404, U.C.C., Computershare is obliged to restore Tube Media's records as to Blackburn's Shares to the condition they would have been if the improper registration had not been made.

35. Accordingly, Blackburn is entitled to all payments or distributions that Blackburn did not receive as a result of the wrongful registration, as well as all other damages that Blackburn suffered as a consequence of Computershare's egregious violations.

**WHEREFORE,** Blackburn demands judgment against the Defendant as set forth above,

together with costs and interest, and such other relief as this Court deems just and proper.

### Count III- Breach of Fiduciary Duty

36. Blackburn realleges and incorporates the allegations set forth in paragraphs 1 through 22, as if fully set forth within.

37. Blackburn and Computershare share a relationship whereby Blackburn reposes trust and confidence in Computershare, as transfer agent.

38. Moreover, pursuant to §678.4071, Fla. Stat., Computershare, as transfer agent, owes Blackburn the same obligations and duties to perform its activities with due diligence and care (in connection with its transfer functions) as the issuer of the Shares, AGU Entertainment Corporation n/k/a Tube Media.

39. As such, Computershare was under a duty to Blackburn to exercise good faith and due diligence when transferring his Shares. Indeed, Computershare owed a fiduciary duty to Blackburn to act in Blackburn's best interest and to act with a high degree of skill and care in the maintenance and transfer of Blackburn's interests in the Shares.

40. Computershare undertook and accepted this duty of trust and confidence, and assumed the duty to protect Blackburn's interests.

41. Computershare breached its fiduciary duty to Blackburn by transferring the Shares absent a Medallion Signature Guarantee and without authenticating the suspicious endorsements on the Certificates.

42. The U.S. Securities and Exchange Commission guidelines advise that a transfer agent should only accept a transfer request if the Stock Certificate(s) contains a signature guarantee. Notwithstanding, Computershare accepted a forged endorsement that was merely guaranteed by an officer of AGU Entertainment Corporation, in lieu of a Medallion Signature

Guarantee, in breach of its duty of care to Blackburn, and others.

43. Moreover, Computershare failed to take any action to verify the authenticity of the indorsements/signatures on the Stock Certificates and "letter of instruction" despite the lack of contact information contained therein. Computershare never contacted Blackburn to confirm the transfer prior to issuing the Shares.

44. As a consequence of Computershare's breach of its fiduciary duties, Blackburn has been damaged.

**WHEREFORE,** Blackburn demands judgment for damages against the Defendant, together with costs and interest, and such other relief as this Court deems just and proper.

### Count IV- Negligence

45. Blackburn realleges and incorporates the allegations set forth in paragraphs 1 through 22 and paragraphs 36 through 43, as if fully set forth within.

46. As transfer agent, as set forth above, Computershare owed a duty of care to Blackburn as to the transfer of the Shares held in Blackburn's name.

47. Specifically, Computershare had a duty to comply with applicable federal and state laws, statutes, rules/regulations, and internal regulations governing Transfer Agents. These rules include but are not limited to those requiring agents to observe high standards of commercial honor and just and equitable principles of trade, as well as to establish and maintain a system to supervise the activities of each registered representative and associated person that is reasonably designed to achieve compliance with the applicable laws and regulations.

48. Computershare breach its duty of care by failing to maintain Blackburn's Shares in a manner consistent with the ordinary standard of care for transfer agents. Specifically, Computershare failed to properly manage the transfer of Blackburn's Shares by, *inter alia,*

failing to require basic mandatory formalities on the subject Stock Certificates such as a Medallion Signature Guarantee, and by failing to verify the subject transfer in light of the suspiciously lacking "letter of instruction".

49. Computershare's breach of its duty of care has proximately caused Blackburn to suffer damages, including but not limited to damages in the amount of $1,610,240.00 as Blackburn was denied ownership of the Shares and therefore could not sell or transfer the Shares when he endeavored to do so.

**WHEREFORE,** Blackburn demands judgment for damages against the Defendant, together with costs and interest, and such other relief as this Court deems just and proper.

### Count V - Conversion

50. Blackburn realleges and incorporates the allegations set forth in paragraphs 1 through 22 and paragraphs 36 through 48 as if fully set forth within.

51. Computershare, without authorization, converted the property of Blackburn consisting of the Shares of AGU Entertainment Corp., now Tube Media (the "Property").

52. The actions of Computershare permanently deprived Blackburn of his Property.

53. Computershare had no ownership interest in the Property.

54. Computershare converted Blackburn's Property by transferring and/or delivering ownership of the Property to third parties, without authorization.

55. Computershare caused Blackburn to suffer damages, including but not limited to damages in the amount of $1,610,240.00 as Blackburn was denied ownership of the Shares and therefore could not sell or transfer the Shares when he endeavored to do so.

**WHEREFORE,** Blackburn demands judgment for damages against the Defendant, together with costs and interest, and such other relief as this Court deems just and proper.

DATED:       September 30th, 2009

>     WALTER J. MATHEWS, P.A.
>     Co-Counsel for Plaintiff
>     Courthouse Law Plaza
>     700 SE Third Avenue, Suite 300
>     Fort Lauderdale, Florida 33316
>     Tel:   (954) 463-1929
>     Fax:   (954) 463-1920
>     Email: wjmathews@wjmlawfirm.com
>
>     LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
>     Co-Counsel for Plaintiff
>     460 Park Avenue, 21st Floor
>     New York, New York 10022
>     Tel:   (212) 838-3221
>     Fax:   (212) 937-3139
>     Email: Chris@investorlawyers.net
>
>     By: ____/s/____
>         Walter J. Mathews, P.A.
>         Florida Bar No. 0174319

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

09-61569

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GARY BLACKBURN, a/k/a RICK BLACKBURN, | COMPUTERSHARE TRUST COMPANY, N.A., |
| (b) County of Residence of First Listed Plaintiff  Broward (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Norfolk, MA (IN U.S. PLAINTIFF CASES ONLY) |

CIV-ZLOCH / ROSENBAUM

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
WALTER J. MATHEWS, P.A.   (954) 463-1929
700 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316

09-cv-61569-Zloch/Rosenbaum

Attorneys (If Known)

FILED by AOS D.C.
OCT - 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☒ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S). (See instructions second page)

a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO

JUDGE                                              DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): U.C.C. §8-101; Investment Securities.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  9.30.09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1009184   IFP
10/01/09